In the Matter of the Claim of WILLIAM GEERS, Respondent, against OSWEGO STEVEDORING & TRUCKING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award by the Workmen's Compensation Board of compensation at a rate based upon a finding of 50% disability. The sole issue arises upon appellants' contention that the board fixed an arbitrary percentage of disability based on medical evidence only and without regard to claimant's earning capacity. Another ground of appeal was withdrawn upon the argument. Claimant was part owner of a tavern from November, 1948 to April, 1953 and appellants claim that the decision and award do not give effect to claimant's reasonable wage earning capacity (Workmen's Compensation Law, § 15, subd. 5-a) based on proof of his work as a bartender, in the partnership business. The record reveals that during the portion of this period ending October 6, 1952 the carrier consented to awards first of $14 and thereafter of $12 per week, based on reduced earnings. Claimant "drew" from the business, in which capital was invested and to which he devoted some work of a supervisory nature, amounts varying from $20 to $40 per week. On that proof alone, his income could not be deemed wages or "actual earnings" within the meaning of the statute. (Matter of Moynihan v. Turner Co., 282 App. Div. 974; Matter of McCann v. McCormack's Garage, 203 App. Div. 387.) Claimant testified that, on his physician's advice, he disposed of his interest in the business and purchased a farm for his sons, on which his work was largely supervisory. Appellants contend that conclusive effect should have been given testimony as to the union wage scale for bartenders in the locality, shown to

be from $50 to $60 per week. In the absence of proof of actual earnings, the board could "in the interest of justice fix such wage earning capacity as shall be reasonable * * * having due regard to the nature of his injury and his physical impairment", but not exceeding 75% of claimant's former full time actual earnings of $50 which would, of course, amount to $37.50. (Workmen's Compensation Law, § 15, subd. 5-a.) Instead the board found claimant's earning capacity to be $25 and made an award of $16.67. Appellants' contention that the decision and award ignored claimant's earning capacity is not supported by the record. The referee stated, "I have in mind when I make this award the testimony of the doctors, I also have in mind the claimant is self-employed and is doing some work, and my finding is partial disability at 50%". The board found that claimant "was in business for himself as a partner tending bar and doing general work in a tavern". It must reasonably be inferred that the board, as well as the referee, took into consideration and evaluated the "general work" so performed. The board was not bound to adopt the union wage scale as the exclusive measure of earning capacity, as there was, first, testimony that claimant did not perform all the usual work of a bartender but had some assistance, for which he paid from his own funds rather than from those of the partnership, and, second, medical proof of disability varying in degree, over the period in question, from partial to total. On such a state of the proof we cannot say that the board's finding was without substantial evidence to sustain it or that earning capacity was fixed arbitrarily, within the meaning of the holding in *Matter of Vogler* v. *Ontario Knife Co.* (223 App. Div. 550) upon which appellants rely. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.