45    In the Matter of the Claim of ROBERT VAN NESS, Respondent, v. AMERICAN STORES COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from a decision and award of the Workmen's Compensation Board based upon a finding of a 25% mild disability resulting from an accident which occurred on October 15, 1956. There is no dispute that on October 15, 1956 the claimant fell while unloading a heavy piece of meat from the employer's truck and thereby suffered a lumbar sprain. It further appears that claimant did not lose any wages until April of 1957 when he quit his job, but that for some four months after the accident he did no heavy lifting. In April of 1957 he quit his job with the employer and became self-employed as a farmer. Claimant testified on redirect examination that he left his employment partly because of discomfort in his work at that time. Since he became self-employed, his income has been less than before his accident. Claimant's attending physician testified that claimant was disabled because of periodic pain which was causally connected to the 1956 accident. This opinion was disputed by other doctors, but it appears that the medical testimony only created a question of fact for the board and the board having decided that there was a causal connection forecloses this court on the matter. The fact that the farm work the claimant was performing is not considered earnings under the Workmen's Compensation Law is not controlling but the issue is whether the mild partial disability is compensable. Claimant's earnings from the farm are profits and not earnings for the purposes of subdivision 5-a or section 15 of the Workmen's Compensation Law. (*Matter of Geers* v. *Oswego Stevedoring & Trucking Co.*, 2 A D 2d 726.) Accordingly, the board was justified in basing the 25% disability award on the $109.20 per week former wage rate, there being no subsequent earnings within the contemplation of subdivision 5-a of section 15 upon which to base a reduced earnings award. While the reduced earning wage rate appears to be substantial in view of the mild partial disability, the unusual factual situation gave the board no alternative and its decision is binding upon this court. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

█    ERICK N. TABER, Respondent, v. EDMUND BATEMAN et al., Defendants, and EUGENE C. HESS, Doing Business as CIRCLE INN, Appellant.— Order unanimously affirmed, with $10 costs. No opinion. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.