■ In the Matter of the Claim of JOSEPH ROBERGE, Respondent, v. UNITED BOARD & CARTON CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that the board has not correctly determined the amount of benefits to which claimant is entitled (Workmen's Compensation Law, § 15, subds. 5-a, 6). Claimant, a truck driver, sustained injuries to his back on November 9, 1960. His claim for compensation was not controverted, just the amount of benefits to which he is entitled. The board found that claimant's average weekly wage prior to the accident was $141.28. It also found that from March 20, 1962 to June 19, 1962, when claimant was employed as a barber, his average weekly wage was $60.51 and that from June 19, 1962 on, when he was self-employed at a service station, he drew $60 a week. Based on a 25% disability, the board then awarded claimant $23.55 per week when not working, two thirds of 25% of $141.28, and $50 per week while employed as a barber and at the service station, two thirds of the difference between $60.51 as a barber or $60 at the service station and the $141.28 average wage with a maximum limit of $50. Appellants first urge that the award of $50 a week while claimant was working as a barber was erroneous as a matter of law. They reason that since the board found a 25% disability, claimant was capable of earning 75% of his salary prior to his injury or $105.96 per week. To this amount they add the $50 award and arrive at a $155.96 figure which exceeds the amount claimant was earning when he was injured. This rationale, however, completely ignores the fact that subdivision 5-a of section 15 of the Workmen's Compensation Law clearly provides that if the claimant is working, his wage-earning capacity shall be his actual earnings or in this case $60.51. This amount when added to the $50 award yields a figure well below claimant's preinjury salary. Appellants' second contention is that the $50-a-week award during the period claimant was operating the service station was improper. They urge that the $60 a week which claimant took from the business was not earnings as the board found but profit and thus claimant should be treated as having no earnings and his award limited to $23.55 per week, two thirds of 25% of his preinjury salary. The established rule is that profits from business ventures are not earnings for the purposes of subdivision 5-a of section 15. (See, e.g., *Matter of Van Ness* v. *American Stores Co.*, 18 A D 2d 746.) Even if we were to accept the board's premise that this rule is strictly limited to the self-employed person whose work is largely supervisory, the record in the instant case contains no substantial evidence to support the board's finding that claimant

714

was not acting in such a capacity. Rather it clearly reveals that claimant and another invested in the service station and that claimant and his partner employed three others at the station. On this state of the record the board's award of benefits at a $50 per week rate for the period subsequent to June 19, 1962 must be reversed. Decision reversed and the matter remitted to the Workmen's Compensation Board for further action not inconsistent herewith, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.