■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS NOWAKOWSKI, Appellant.— Appeal from a judgment of the County Court of Montgomery County, rendered April 30, 1969, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree (Penal Law, § 165.40). The gravamen of this crime is possession of stolen property with knowledge of its stolen character (Practice Commentary by Richard 'G. Denzer and Peter McQuillan, McKinney's Cons. Laws of N. Y. Book 39, Penal Law, § 165.40, p. 518). "A finding of carelessness, negligence or indolence in investigation is not a substitute for guilty knowledge" (*People* v. *Checkman*, 284 App. Div. 44, 45), the correct test being actual knowledge, not negligence in failing to make reasonable inquiry (*People* v. *Price*, 19 A D 2d 730, cert. den. 390 U. S. 908). Here, there was no direct or circumstantial proof of actual knowledge and the prosecution did not meet its burden of submitting evidence on which the jury could find beyond a reasonable doubt that defendant actually knew that the tires which he purchased were stolen. Judgment reversed, on the law and the facts, and indictment dismissed. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.

■     In the Matter of the Claim of HYMAN KIRSCHENBAUM, Appellant, v. RELIABLE PLASTICS CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 15, 1971. The board affirmed the Referee's finding of no compensable lost time, determining that appellant's income from corporate respondent was salary for services performed. This amount exceeds a sum represented by the established average weekly wage. There is substantial evidence to support this determination and to reject appellant's contention that a portion of this income represented profits and not earnings (Workmen's Compensation Law, § 15, subd. 5-a). *Matter of Roberge* v. *United Bd. & Carton Corp.* (21 A D 2d 713) is clearly distinguishable on its facts and does not require a contrary result. The issue presented being essentially one of fact, we are bound by the board's determination (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.