■ In the Matter of GLEN COZZI, Appellant, v CHRISTENSEN & NIELSON, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 15, 1973, affirming a decision of a referee finding claimant not entitled to reduced earnings. Claimant suffered a compensable back injury in July of 1967, was operated upon thereafter, and in a report dated March 4, 1968 the attending physician advised that claimant could return to limited work if he avoided lifting and bending. Presumably because the limitations on lifting and bending restricted claimant's ability to find employment in his field as a laborer or construction worker, he established his own contracting firm in March of 1968. From September, 1968 until March, 1969 he again suffered total disability and received compensation therefor, and since March, 1969, he has been operating his own contracting business. He does the bidding on jobs, does all layouts, makes lists of materials needed, and supervises the jobs to see that the work is done in the proper manner. He also testified that he drives a truck owned by the business and that during one job he did some painting. Claimant's first contention on appeal is that the board should have found that income from his business was "profits" rather than "earnings", and therefore should have fixed wage earning capacity based upon his former earnings pursuant to subdivision 5-a of section 15 of the Workmen's Compensation Law, relying upon *Matter of Roberge v United Bd. & Carton Corp.* (21 AD2d 713), *Matter of Van Ness v American Stores Co.* (18 AD2d 746) and *Matter of Geers v Oswego Stevedoring & Trucking Co.* (2 AD2d 726). We disagree. While income has been found to be profits

from investment where a self-employer claimant performs primarily a supervisory function *(Matter of Roberge v United Bd. & Carton Corp., supra)*, the issue of whether income is profits rather than earnings is essentially one of fact for the board, and a finding that income is salary for services performed is likewise within the board's fact-finding power *(Matter of Kirschenbaum v Reliable Plastics Corp.,* 39 AD2d 621). Even in *Geers (supra)* where it was found that income could not be deemed actual earnings where capital was invested and ·claimant's work was of a supervisory nature, the board nevertheless found earning capacity on the basis of "general work" in the establishment (2 AD2d 726, 727, *supra*). Thus, in the present case while claimant did invest capital (he testified that he initially started the business with $790) and did perform supervisory functions, the record contains adequate evidence that the claimant performed "general work" so that his income could be considered earnings for services performed rather than return on investment. The second issue on appeal is the propriety of the determination denying reduced earnings, and finding "claimant * * * has rendered services to his construction company worth in excess of $150 each week he has worked". While we do not reach the question of whether the value of services rendered is an appropriate substitute for actual earnings, it can fairly be implied that the board found upon sufficient evidence that claimant was economically benefited in an amount in excess of $150 in each week he worked. He stated that he drew on the average $100 to $110 per week, and further would take approximately $20 to $30 per week in petty cash. In addition, the company showed modest net profits after claimant's draw and all expenses, and much of the income from the business had been reinvested by way of purchase of trucks and supplies worth thousands of dollars, all of which would inure solely to the benefit of claimant as sole proprietor of the business. On these facts, we feel that a finding that claimant's "earnings" in the way of draw, retained earnings, and accumulation of assets amounted on the whole to an economic benefit to him averaging in excess of $150 per week, and thus the finding of actual earnings in excess of that amount can be sustained. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.