◼    In the Matter of the Claim of ALAN R. MICHAELS, Respondent, v J. H. FRIEDMAN BINDING & TRIMMING CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 12, 1974, which affirmed an award of compensation based upon an average weekly wage of $725 per week. It is undisputed that the claimant worked as a salesman for the employer-appellant herein, and that on September 14, 1971 he suffered a compensable injury in the course of such employment. The employer was in the business of manufacturing and selling bias binding and trimming to the ladies' and children's garment trade. During the period of his employment with appellant, claimant was also a partner in and a salesman for Passamentry Company, which was engaged in a similar business. Both firms operated at the same address and had an interlocking ownership. The determination of average weekly wage was based upon claimant's earnings as a salesman for both firms. On this appeal it is urged that claimant's income from Passamentry was improperly considered in the determination of average weekly wage. The first point urged is that there was no similarity of employment. The record contains substantial evidence to support the finding of the board that claimant was a salesman of similar items for both firms which were engaged in similar businesses, and, therefore, was engaged in similar employment. The second point raised is that claimant did not have earnings from Passamentry, but rather profits from his investment therein. Based upon an audit report, the board found that claimant drew salary from Passamentry for his services as a salesman, in addition to

whatever profits he may have earned as a partner. "The issue of whether income is profits rather than earnings is essentially one of fact for the board, and the finding that income is salary for services performed· is likewise within the board's fact-finding power." *(Matter of Cozzi v Christensen & Nielson,* 48 AD2d 720, 721.) In the instant case, the board's finding that claimant's salary was in fact earned for services performed and, therefore, could be included in the determination of average weekly wage is supported by substantial evidence and must be upheld. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.