■    In the Matter of the Claim of PATRICK NANNERY, Respondent, v GAF CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 9, 1979. Claimant was classified as having a permanent partial disability following a compensable injury to his back in 1968. In 1970, he invested about $15,000 in a bar and restaurant and became the sole owner of the enterprise. At issue on this appeal is the propriety of the board's award of continued reduced earnings after June 14, 1976 based on its finding that claimant's "income from the business is profits and not wages." In our opinion, its determination is not founded on substantial evidence. Claimant's established average weekly wage during employment was $170.68. The disputed award covers periods in 1976 in which the net income of the business was approximately $10,000, as well as 1977 in which it was over $11,000. Additionally, claimant received other direct economic benefits from the venture and made capital expenditures from operating funds to enhance the value of his holding. In deciding whether a claimant's disability justifies an award for reduced earnings, the board must consider actual earnings and may fix a reasonable wage earning capacity only if he has no actual earnings (Workers' Compensation Law, § 15, subd 5-a). Here, the board set that capacity after deciding that none of claimant's income represented actual earnings. Although the issue is generally one of fact *(Matter of Cozzi v Christensen & Nielson,* 48 AD2d 720, 721), the testimony plainly reveals that at least a portion of claimant's income was derived from his active participation in the business since he ordered supplies and served as a bartender on occasion. Accordingly, while claimant's investment and supervisory efforts generated some unearned income in the form of profit, it was

incorrect for the board to completely ignore such evidence in determining that none of the income constituted actual earnings. The demarcation between wages and profits may not be easy to ascertain when, as here, the total is so obviously composed of both elements, but it does not warrant a finding that there were no actual earnings whatever. Therefore, the instant decision should be reversed and the matter remitted to the Workers' Compensation Board for further proceedings. Decision reversed, with costs to the employer against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.