■ In the Matter of JOHN JOYCE, Appellant, v EUROPEAN AUTO SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [641 NYS2d 175] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 9, 1994, which, inter alia, established claimant's average weekly wage.

Claimant, the owner, president and sole shareholder of European Auto Service, an S corporation, also performed a considerable amount of work as a mechanic for the business. On February 21, 1989, claimant sustained a compensable back injury while he was working on a car engine. Claimant has been classified as permanently partially disabled as a result of this injury. Claimant appeared pro se at the first workers' compensation hearing, at which his average weekly wage was fixed by the Workers' Compensation Law Judge (hereinafter WCLJ) at $500 per week based upon, inter alia, payroll entries indicating these weekly payments. Claimant thereafter retained counsel to represent him who then moved to challenge the average weekly wage determination. A hearing was ultimately scheduled before a WCLJ to address the issue of, inter alia, the claim for reduced earnings. By decision filed April 7, 1994, the WCLJ found no compensable lost time or reduced earnings and claimant appealed this determination to the Workers' Compensation Board. The Board determined, inter alia, that $500 per week was claimant's appropriate average weekly wage. Claimant now appeals.

We affirm. Initially, we reject claimant's argument that the Board did "nothing on the average weekly wage" issue and failed to analyze or review the arguments he advanced. To the contrary, the language in the Board's decision indicates that it undertook a de novo review of the evidence in reaching its conclusion on this issue (see, Workers' Compensation Law § 123). Turning to the merits, claimant maintains that the $500 amount he received from his business constituted profits and should not have been considered as earnings for purposes of establishing his average weekly wage (see, Matter of Roberge v United Bd. & Carton Corp., 21 AD2d 713).

As this Court has noted previously, "[w]hile income has been found to be profits from investment where a self-employer claimant performs primarily a supervisory function * * * the

issue of whether income is profits rather than earnings is essentially one of fact for the [B]oard, and a finding that income is salary for services performed is likewise within the [B]oard's fact-finding power" (*Matter of Cozzi v Christensen & Nielson*, 48 AD2d 720, 720-721 [citation omitted]). Here, given the payroll records, the testimony of claimant and his wife and the fact that claimant's profit-sharing distribution was separate from his regular weekly "draw" of $500, we find no reason to disturb the Board's conclusion that these payments constituted claimant's earnings for his nonsupervisory work as a mechanic.

We have examined claimant's remaining arguments and have found them to be either unpersuasive or not properly before us.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.