■ In the Matter of the Claim of JAMIE HAMBLY, Appellant, v BIG V SUPERMARKETS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [678 NYS2d 798] —Appeal from a decision of the Workers' Compensation Board, filed March 15, 1997, which denied claimant benefits for reduced earnings.

In September 1992, claimant, an expense payable clerk, suffered a compensable back injury while lifting boxes and received workers' compensation benefits until she returned to work in November 1992. She continued working for the employer until May 1994 when she resigned after being demoted for excessive absences. The Workers' Compensation Board denied claimant's subsequent application for benefits, finding that her resignation was due to factors unrelated to her back injury. We affirm. Although it is undisputed that claimant suffers from a causally related partial disability, there is no evidence in the record, other than claimant's self-serving

---

and unsupported testimony, that the disability caused her reduced earnings (see, Matter of Mancini v AAA Waterproofing Co., 89 AD2d 651, lv denied 57 NY2d 607; Matter of Yamonaco v Union Carbide Corp., 42 AD2d 1014). To the contrary, the record indicates that claimant advised the employer that she was resigning because she had been demoted. This evidence, together with the contents of claimant's letter of resignation and her testimony that physical ailments other than her back injury caused many of the absences that led to her demotion, constitute substantial evidence to support the Board's decision (see, Matter of Cameron v Carrier Air Conditioning Co., 85 AD2d 864, appeal dismissed 56 NY2d 1030). Claimant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.