■ In the Matter of the Claim of NATALIE L. HOLMAN, Appellant, v HYDE PARK NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [701 NYS2d 516] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 1998, which denied claimant benefits for reduced earnings.

On December 31, 1993, claimant was working as a food service director at a nursing home when she sustained a back injury while lifting food out of the oven. She returned to work on or about January 7, 1994 and continued working for the employer until July 14, 1994 when she was discharged for poor work performance. Claimant subsequently applied for workers' compensation benefits alleging that her work-related back injury rendered her unable to secure new employment following her discharge. Finding that claimant's loss of earnings following her termination was not causally related to her back injury, the Workers' Compensation Board denied claimant benefits for reduced earnings subsequent to July 14, 1994. Claimant appeals.

We affirm. The record indicates that the employer discharged claimant from her position because she was unable to function as a supervisor and continued to violate cleanliness standards despite having received several disciplinary warnings in this regard during the year preceding her discharge. Inasmuch as the record establishes that claimant's loss of employment was due to reasons other than her work-related injury, claimant had the burden of establishing by sufficient evidence that her work-related injury was the cause of her subsequent inability to obtain employment (*see, Matter of Benesch v Utilities Mut. Ins. Co.*, 263 AD2d 585; *Matter of Scotchmer v Dresser Rand Co.*, 256 AD2d 682, 683).

Here, claimant testified that she made no attempt to seek employment until approximately five months following her termination, at which time she applied for three positions but was unable to secure employment. The record also contains evidence that claimant never complained to the employer that her back injuries interfered with her work. Furthermore, the medical evidence credited by the Board indicates that claimant suffered a mild disability which did not restrict her ability to perform kitchen duties. Under these circumstances, we find that substantial evidence supports the Board's conclusion that claimant's loss of earnings subsequent to July 14, 1994 was at-. tributable to factors unconnected to her work-related back injury (*see*, *Matter of Hambly v Big V Supermarkets*, 254 AD2d 550). Therefore, we decline to disturb the Board's decision.

Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.