■ In the Matter of the Claim of ROBERT J. FISHER, Appellant, v COMBINED LIFE INSURANCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 732] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 1999, which ruled that claimant was not entitled to an award of reduced earnings after January 5, 1996.

In November 1995, claimant injured his neck, back and knee in a work-related automobile accident. Claimant apparently received workers' compensation benefits for total disability through January 5, 1996, but the employer contested claimant's entitlement to benefits for a partial disability thereafter contending, *inter alia*, that claimant had no reduced earnings subsequent to January 5, 1996. The Workers' Compensation Board concluded that claimant's wage earning capacity in 1996 exceeded his average weekly wage and that, therefore, he was not entitled to benefits subsequent to January 5, 1996. Claimant appeals.

Pursuant to Workers' Compensation Law § 15 (5-a), the wage earning capacity in a case of partial disability shall be determined by a claimant's actual earnings, and "[t]he established rule is that profits from a business venture are not earnings for the purposes of subdivision 5-a of section 15" (*Matter of Roberge v United Bd. & Carton Corp.*, 21 AD2d 713). Although income from a self-employed claimant's work primarily in a supervisory capacity has been found to be profits from an investment, the issue of whether income constitutes profits or earnings is one of fact for the Board to resolve (*see, Matter of Joyce v European Auto Serv.*, 226 AD2d 952).

In this case, claimant received income from three different sources of self-employment. Despite claimant's testimony that the income was either residual and derived from prior years' work or derived from work performed by his wife and son, the Board concluded that the income constituted earnings. There is evidence in the record that claimant's role in the businesses in 1996 was more than passive and, in view of the Board's broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record (*see, Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999), there is no basis to disturb the Board's finding on the issue of whether claimant's 1996 income constituted profits or earnings.

Claimant also contends that the Board's decision prematurely prevents him from seeking reduced earnings for 1997 and thereafter. The decision, however, is based solely on the

amount and nature of claimant's 1996 income. While the Board's decision mentions the issue of whether claimant has a continuing disability after January 1, 1997, the Board's findings contain nothing which can be construed as resolving that issue and the Board expressly continued the case. Accordingly, there is nothing in the Board's decision which prevents claimant from seeking reduced earnings subsequent to 1996.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.