■ In the Matter of the Claim of ROBERT VIRTUOSO, Appellant, v GLEN CAMPBELL CHEVROLET et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 481] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2001, which ruled that claimant was not entitled to an award of reduced earnings for the period beginning August 7, 1996.

After sustaining a work-related injury to his back, claimant returned to work for the employer as a used car manager with no lost time. His employment ended several months later as the result of a disagreement with the employer and, upon certifying that he was available for work, he received unemployment insurance benefits until they were exhausted. Although he initially denied working for anyone thereafter, claimant subsequently conceded that he continued to perform some work, including work for his wife's wholesale used car business established the day after he stopped working for the employer. According to claimant, his ability to work was severely limited by his worsening back condition but, when asked about his income, he was evasive at best and, as a result, the record contains no evidence regarding his income during the period for which he sought workers' compensation benefits. The Workers' Compensation Board denied the claim and this appeal ensued.

The Board's inquiry here was properly focused on the question of whether claimant had sustained a reduction in earnings as a result of his causally related back condition (see, Holman v Hyde Park Nursing Home, 268 AD2d 705; Benesch v Utilities Mut. Ins. Co., 263 AD2d 585; Scotchmer v Dresser Rand Co., 256 AD2d 682, 683). On this issue, the evidence that claimant's loss of employment with the employer was unrelated to his back condition provides ample support for the Board's conclusion that his loss of income from that employment was not causally related to the back condition (see, Matter of Hambly v Big V Supermarkets, 254 AD2d 550). With regard to the work he performed thereafter, the nature and amount of his income from that work was relevant to the issue of reduced earnings (see, Matter of Fisher v Combined Life Ins., 272 AD2d 823). In response to such relevant inquiries, however, he failed to sup-

ply any information regarding his income. Accordingly, in the absence of any evidence that claimant actually sustained a reduction in his earnings, there is no basis to disturb the Board's denial of his claim for a reduced earnings award.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.