■ In the Matter of the Claim of HARRY T. BALDWIN, Appellant, v BEN FUNK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 186]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 17, 2005, which ruled that claimant was entitled to an award for reduced earnings benefits.

Claimant, a mechanic, submitted a claim for workers' compensation benefits stemming from a work-related injury to his lower back. The employer's workers' compensation carrier, the State Insurance Fund (hereinafter SIF), accepted the claim and began paying benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relationship, thereby formally establishing the claim, and thereafter classified claimant with a permanent partial disability.

Claimant subsequently started his own lawn and garden equipment repair business, prompting SIF to call into question claimant's entitlement to continuing wage replacement benefits. Following an audit in which it was concluded that claimant's average weekly wage from his new business was higher than that which had been awarded by the WCLJ, SIF contended that wage replacement benefits were no longer warranted. Claimant disputed that contention. A hearing ensued, with a WCLJ ultimately determining that, as relevant here, claimant was entitled to wage replacement benefits in the reduced amount of $48.03 per week. In so doing, the WCLJ computed claimant's actual earnings by subtracting from his gross income costs for vehicles, utilities, insurance, taxes and licenses, which expenses the WCLJ characterized as necessary/mandatory deductions. The WCLJ did not allow deductions for depreciation, legal and professional services, repairs and maintenance, office costs and "other expenses," finding that such expenses were optional/elective. Upon review, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant now appeals.

Notably, claimant does not take issue with the methodology employed by the Board in ascertaining his actual earnings. That is, claimant does not allege that the Board erred in determining his actual earnings by classifying his business expenses as either necessary/mandatory or optional/elective. Claimant does, however, assert that the Board's decision is unsupported by substantial evidence in the record given its alleged failure to conduct a necessary fact specific analysis before deciding into which of the aforementioned categories the expenses properly belong. We disagree.

The Board had before it and considered ample evidence, including claimant's hearing testimony and the relevant income tax return, concerning the nature of claimant's business and its accompanying expenses. After considering such evidence, the Board made a factual determination that certain of the expenses were necessary/mandatory, while others were simply optional/elective. Such a factual determination is properly left for resolution by the Board (*see generally Matter of Fisher v Combined Life Ins.*, 272 AD2d 823, 823 [2000]; *Matter of Joyce v European Auto Serv.*, 226 AD2d 952, 952-953 [1996]). Thus, under these circumstances, we discern no basis to disturb the Board's decision.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.