In the Matter of the Claim of JOSEPH CALISE, Respondent, v HILLSIDE CARTING, INC., et al., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [832 NYS2d 107]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2005, which ruled, inter alia, that claimant's tax returns were sufficient credible evidence of his average weekly wage.

In 1994, while working as a sanitation worker, claimant suffered compensable injuries and was subsequently classified as permanently partially disabled. His average weekly wage was established at $1,150 and the employer's workers' compensation carrier, the State Insurance Fund (hereinafter SIF), was directed to pay him a reduced earnings award of $400 per week. In 2002, however, SIF discovered that claimant was the principal of a successful corporation and sought a determination as to whether claimant's postinjury income, inclusive of a portion of the corporation's profits, precluded his further receipt of reduced earnings benefits. After hearings, a Workers' Compensation Law Judge concluded that claimant's $500 weekly salary from the corporation was not the result of an "arm's length" negotiation and, therefore, it was not an appropriate figure to use in establishing wage earning capacity. As a result, the Workers' Compensation Law Judge found that claimant was entitled to a reduced earnings award of $345 per week. Upon review, the determination was modified by the Workers' Compensation Board, which held that claimant's average weekly wage could be determined on the basis of his W-2 statements and personal tax returns. On this appeal, SIF asserts that claimant is ineligible for reduced earnings benefits because his actual earnings should include his weekly salary plus a portion of the corporation's profits prior to deductions for certain expenses.*

We affirm. "Pursuant to Workers' Compensation Law § 15 (5-a), the wage earning capacity in a case of partial disability shall be determined by a claimant's actual earnings, and '[t]he established rule is that profits from a business venture are not earnings for the purposes of subdivision 5-a of section 15' " (*Matter of Fisher v Combined Life Ins.*, 272 AD2d 823, 823 [2000], quoting *Matter of Roberge v United Bd. & Carton Corp.*, 21 AD2d 713, 713 [1964]). Further, whether an individual's income is based on profits or a salary for services performed is a factual determination for the Board (*see Matter of Joyce v*

---

* The only medical evidence in the record is a report by an orthopedic surgeon who examined claimant in 2005 and opined that there was "no ongoing evidence of orthopedic disability." However, claimant's disability status is not contested by SIF on this appeal.

*European Auto Serv.*, 226 AD2d 952, 952-953 [1996]). Here, in addition to acknowledging that claimant kept the corporation's profit separate from his wage income, the Board specifically addressed the lack of record evidence to suggest that this income was less than the value of the services that claimant performed for the corporation. Moreover, an accountant testifying on behalf of SIF admitted that all of claimant's deductions were taken in conformity with Internal Revenue Service and New York State tax regulations and that, by straightforward accounting principles, claimant's earnings were approximately $500 per week. Thus, the Board's determination is supported by substantial evidence and we decline to disturb it (*cf. Matter of Baldwin v Ben Funk, Inc.*, 32 AD3d 639, 640 [2006]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.