■ In the Matter of the Claim of CECILIA CADORNIGA-DOEING, Appellant, v NSH/LONG ISLAND JEWISH HEALTH SYSTEM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [840 NYS2d 442]—

■■■■■■■■■■■■■■■

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 2, 2006, which, inter alia, ruled that claimant's lost earnings subsequent to September 10, 2003 were not causally related to her work disability.

Claimant, an accounts receivable clerk, began receiving workers' compensation benefits after she fell at work in December

---

* The record reveals that there is somewhere between 180 and 200 bridges in the County.

2002 and injured her head, neck, back and shoulders. A Workers' Compensation Law Judge subsequently determined, and upon review the Workers' Compensation Board agreed, that claimant's lost earnings subsequent to September 10, 2003 were not attributable to her work disability. Claimant now appeals, disputing that finding.

We affirm. The workers' compensation carrier's consulting physician found that claimant had no disability upon examining her on May 27, 2003. Claimant's treating physician cleared her to resume working as tolerated on September 10, 2003. Two days after that clearance, on September 12, 2003, a disability certificate from claimant's treating physician's office indicated that claimant was totally incapacitated and unable to return to work due to injuries that she sustained in an unrelated motor vehicle accident. Accordingly, notwithstanding the existence of medical evidence which could arguably lead to a contrary conclusion, the record contains substantial evidence to support the Board's decision that claimant's lost earnings subsequent to September 10, 2003 were not causally related to her work disability (*see generally Matter of Millner v Cablevision*, 2 AD3d 1146 [2003]; *Matter of Hambly v Big V Supermarkets*, 254 AD2d 550 [1998]).

Claimant's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.