Matter of Casacci v Kathleen Casacci DDS, PC (2022 NY Slip Op 07121)

Matter of Casacci v Kathleen Casacci DDS, PC

2022 NY Slip Op 07121

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534827
[*1]In the Matter of the Claim of Kathleen Casacci, Appellant,
v
Kathleen Casacci DDS, PC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Lewis & Lewis PC, Batavia (Daniel P. Kuhn of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Bradford J. Reid of counsel), for Kathleen Casacci DDS, PC and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 6, 2021, which, among other things, ruled that claimant had no actual reduced earnings.
In 2015, claimant, a dentist and partner in a dental practice, filed a claim for workers' compensation benefits based upon work-related repetitive-use injuries. In September 2015, her claim was established for an occupational disease involving the neck and back with a date of disablement of October 1, 2014. In February 2016, claimant underwent a cervical discectomy and, in approximately April 2016, returned to work in a part-time capacity. In a December 2019 decision by a Workers' Compensation Law Judge (hereinafter WCLJ), the WCLJ, among other things, found no compensable lost time from October 1, 2014 to February 29, 2016 and directed that temporary indemnity benefits be, for February 29, 2016 to December 4, 2019, held in abeyance pending the submission of evidence pertaining to claimant's "reduced earnings payroll."
Following hearings and the submission of various medical and financial documentation, including claimant's wage and tax statements (form W-2, years 2013-2015, 2017-2018) and income tax returns for an S Corporation (form 1120-S, 2015-2018), the WCLJ, in a January 2021 decision, set claimant's average weekly wage and found that claimant had sustained a permanent partial disability amendable to classification with a lumbar spine (soft tissue) condition of A severity and a cervical spine (surgically treated) condition of D severity. The WCLJ further found that claimant is capable of performing sedentary work, determined that she has a 30% loss of wage-earning capacity (entitling her to wage loss benefits not to exceed 250 weeks) and directed continuing reduced earnings payments. Upon administrative review sought by both the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) and claimant, the Workers' Compensation Board affirmed that portion of the WCLJ's decision finding a 30% loss of wage-earning capacity but found that, from April 18, 2016 to January 18, 2021, claimant did not have actual reduced earnings and that, regardless of whether she had actual reduced earnings, she failed to demonstrate that she had causally-related reduced earnings.[FN1] Claimant appeals.
We affirm. "A claimant who suffers a permanent partial disability — meaning the claimant is rendered less than totally disabled — 'may receive a reduced earnings award' under Workers' Compensation Law § 15 (3) (w) if the claimant 'demonstrates that [his or her] reduced earnings are related to the partial disability'" (Matter of O'Donnell v Erie County, 35 NY3d 14, 19 [2020], quoting Burns v Varriale, 9 NY3d 207, 216 [2007]; accord Matter of Farrulla v SUNY at Stony Brook, 193 AD3d 1206, 1207 [3d Dept 2021]; see Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069 [3d Dept 2021]).
The weekly rate for such award equals 66&frac23;% of the difference between claimant's average [*2]weekly wage prior to the disability and "his or her wage-earning capacity thereafter" (Workers' Compensation Law § 15 [3] [w]; see Matter of Baczuk v Good Samaritan Hosp., 132 AD3d 1033, 1034 [3d Dept 2015]). "The wage earning capacity of an injured employee in cases of partial disability shall be determined by his [or her] actual earnings" during the period of the disability (Workers' Compensation Law § 15 [5-a]; see Matter of Meisner v United Parcel Serv., 243 AD2d 128, 131 [3d Dept 1998], lv dismissed 93 NY2d 848 [1999], lv denied 94 NY2d 757 [1999]), "'without evidence of capacity to earn more or less during such disability period'" (Matter of Gioia v Cattaraugus County Nursing Home, 122 AD3d 970, 972 [3d Dept 2014], quoting Matter of Matise v Munro Waterproofing Co., 293 NY 496, 500 [1944]; Matter of Baczuk v Good Samaritan Hosp., 132 AD3d at 1034-1035). The "established rule is that profits from a business venture are not earnings for the purposes of [Workers' Compensation Law § 15 (5-a), and] . . . whether an individual's income is based on profits or a salary for services performed is a factual determination for the Board" (Matter of Calise v Hillside Carting, Inc., 38 AD3d 968, 969-970 [3d Dept 2007] [internal quotation marks and citations omitted]; see Matter of Friedman v New York City Dept. of Transp., 69 AD3d 1020, 1022 [3d Dept 2010]; Matter of Joyce v European Auto Serv., 226 AD2d 952, 952-953 [3d Dept 1996]).
Claimant testified that, because of her disability, she has needed to reduce the frequency that she performed certain types of dental work that she had previously performed in her practice. Specifically, she explained that she had to reduce the number of crown and bridge-long procedures, full-mouth reconstructions, and certain orthodontics procedures (i.e., braces). Claimant also stated that she does not work on impacted wisdom teeth due to the lack of strength in her wrists, although she explained that she can still perform implants and simple extractions. As to her earnings, claimant explained that her salary was reduced following her surgery in 2016 because she was not making enough to take in the same amount.[FN2] The record reflects that, due to her surgery in 2016 and her disability, claimant's compensation was significantly reduced in 2017 and 2018.
The S Corporation (form 1120-S) tax filing documents for claimant's dental practice for 2015, 2016, 2017 and 2018 reflected, however, significant increases in gross receipts each year from 2015 through 2018. Similarly, the testimony of Ryan Blais, a certified public accountant and certified evaluation analyst, reflects certain inconsistencies in the record tax filings concerning compensation. Blais explained that, although claimant remained the only corporate officer listed on the S Corporation tax filings for the years in question, the dental practice continued to generate increased business revenue each year from 2015 through 2018 despite claimant's reported reduced income [*3]for 2017 and 2018. Given claimant's continuing active role in the dental practice and yearly increase in annual business revenue — accompanied by the corporate tax returns and testimony of Blais detailing the inconsistencies in the corporate tax filings regarding compensation — the Board found claimant's testimony that she was paid less because the practice was not generating enough revenue incredible. There is evidence in the record that claimant's role in the dental practice was more than passive and, "in view of the Board's broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Fisher v Combined Life Ins., 272 AD2d 823, 823 [3d Dept 2000]), there is no basis to disturb the Board's finding that claimant sustained no actual reduced earnings (see Matter of Friedman v New York City Dept. of Transp., 69 AD3d at 1023; Matter of Fisher v Combined Life Ins., 272 AD2d at 823; compare Matter of Meisner v United Parcel Serv., 243 AD2d at 131). In light of our determination, the remaining issue raised by claimant concerning the Board's finding that claimant did not have any causally-related reduced earnings is academic.
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board returned the matter to the hearing calendar to address awards for the period of temporary disability from the February 29, 2016 surgery until claimant returned to work in April 2016.

Footnote 2: The record reflects that claimant is the only officer in the dental practice, and form 1125-E (Compensation of Officers), which accompanies the S Corporation income tax filings, lists claimant as the sole officer receiving compensation in 2015, 2016, and 2018. Form 1125-E for 2017 is not included in the record, although it was apparently reviewed by the accountant retained by the carrier.