■ In the Matter of RICHARD S. WHITE, Respondent, v. BETHLEHEM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 2, 1973. The basic facts are not in dispute. On April 19, 1963 claimant, a welder, sustained a compensable back injury, which subsequently required surgery. On December 21, 1966 it was determined that he had a permanent

partial disability. He continued to work as a welder but with selective duties at the same or increased wages. On April 16, 1969 he was involved in a serious automobile accident unrelated to his occupation and has not worked since. The record reveals that claimant continues to suffer from some permanent disability as a result of the 1963 accident. The board found that claimant has a 25% causally related disability and payments should continue at $21.74 reduced earnings. The issue for our determination is whether there is substantial evidence in the record demonstrating that claimant's loss of earnings subsequent to the 1969 accident is causally related to the 1963 accident. Dr. Karna was of the opinion that claimant's automobile accident left him totally disabled and the prior back injury was no longer a competent producing cause of his disability. The impartial orthopedist declined to state that claimant was totally disabled after the 1969 accident, but testified that claimant's " capacity to do industrial work is highly impaired by the physical disabilities he has." It is not clear from this statement to which disabilities the doctor was referring. The board made no finding. The present record does not establish that claimant's retirement was due solely to factors unrelated to his disability, nor does it establish that his employment was prevented or curtailed to any extent by the previous industrial injury following the 1969 accident. The matter, therefore, must be remitted for additional evidence and proper findings on the issue of causal relation of claimant's industrial disability to his reduced earnings subsequent to April 16, 1969. (*Matter of Yamonaco* v. *Union Carbide Corp.*, 42 A D 2d 1014.) Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, Main and Reynolds, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to affirm in a memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting) : The rule is well established that where a claimant voluntarily retires from his employment because of a disabling condition incurred subsequent to a prior permanent partial disability, an award may only be made where the record contains substantial evidence establishing subsequent loss of earnings caused by the permanent partial disability (*Matter of Stickley* v. *Alco Prods.*, 36 A D 2d 871, affd. 33 N Y 2d 872). In the present case the claimant has not voluntarily retired and in fact has not retired at all or been laid off from work for economic conditions. However, it appears that as a result of the physical disabilities incurred in the 1969 automobile accident, his dotcor has advised him not to return to his former employment as of the time of the hearings herein, but it should be noted that his attending physician is also the employer's physician. In *Matter of Papkoff* v. *Feldman* (26 A D 2d 140, affd. 19 N Y 2d 932) this court held that an intervening total disability solely related to a subsequent noncompensable accident or condition would not result in the termination of compensation payments for a theretofore determined permanent partial disability. In the present case the board has noted in its decision that prior to the disabling automobile accident the claimant had been receiving awards for intermittent lost time based upon his permanent partial disability, although he had in fact been working throughout such periods. In *Matter of Lovell* v. *Berman's Motor Express* (35 A D 2d 765) it was noted that the issue of relationship between the physical disability and the reduction of earning capacity is not dependent upon expert medical evidence, but rather is a factual issue to be determined by the board from all of the evidence. Since upon the present record there would be no basis for finding a voluntary retirement or withdrawal from the labor market, the rule of *Papkoff* should apply and upon that basis the record contains substantial evidence to support the determination of the board that the claimant is entitled to awards based

upon his established permanent partial disability. The decision should be affirmed.