■ In the Matter of the Claim of DAVID G. KATSARIS, Respondent, v LOCKHEED MARTIN FEDERAL SYSTEMS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [721 NYS2d 298] —Carpinello, J. Appeal from an amended decision of the Workers' Compensation Board, filed January 20, 2000, which rescinded the decision of a Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record.

Claimant sustained a work-related injury in July 1996 and returned to a light-duty assignment with a 20-pound lifting restriction imposed by his treating physician. In October 1996, claimant lost his employment for misconduct unrelated to his disability. Concluding that claimant would still be working in his former job if he had not lost that job for misconduct unrelated to his disability, a Workers' Compensation Law Judge denied claimant's claim for workers' compensation benefits. On claimant's appeal, the Workers' Compensation Board rescinded the decision of the Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record on the issues of diminished earning capacity subsequent to the termination of claimant's employment and claimant's voluntary removal from the labor market, and for the production of additional medical evidence. The employer and its workers' compensation carrier appeal.

We reject the Board's argument that the appeal is premature. The argument of the employer and its carrier that claimant is ineligible for benefits as a result of his loss of employment for misconduct unrelated to his disability involves a "threshold

legal issue[ ] which may be dispositive of a claim against one or more parties" (*Matter of McDowell v La Voy*, 59 AD2d 995; *see, Matter of Byrne v Fall Fitting*, 266 AD2d 684). We agree, however, with the Board that claimant's loss of employment for misconduct unrelated to his disability does not preclude the claim. Claimant's discharge for misconduct merely defeated the inference that claimant's loss of wages was attributable to the physical limitations which resulted from his work-related injury, thereby imposing upon claimant "the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment" (*Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793; *see, Matter of Peng Kim v Community Living Corp.*, 253 AD2d 911, *lv denied* 93 NY2d 802; *see also, Matter of Holman v Hyde Park Nursing Home*, 268 AD2d 705). The Board's decision must therefore be affirmed.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the amended decision is affirmed, without costs.