■ In the Matter of the Claim of JANICE LA PIETRA, Appellant, v COUNTY OF SUFFOLK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [742 NYS2d 723] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 29, 2001, which ruled that claimant does not have causally related reduced earnings.

Claimant sustained an injury in 1989 while working for the employer as a licensed practical nurse (hereinafter LPN). She ultimately was classified as permanently partially disabled and received awards of workers' compensation benefits, including awards for reduced earnings subsequent to September 17, 1990. At the employer's request, claimant testified in July 2000 about her current employment in Tennessee, where she was working as an LPN. Based upon claimant's testimony, the Workers' Compensation Board ruled that claimant's reduced earnings were not causally related to her disability. Claimant appeals.

Although claimant's permanent partial disability gave rise to an inference that her subsequent reduction in wages was attributable to her physical limitations, a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability (*see, Matter of Coyle v Intermagnetics Corp.*, 267 AD2d 621). The Board's decision contains no explanation for its ruling on the reduced earnings issue but, in discussing the nature of the case, the decision refers to the employer's argument that "claimant's reduction in income is related to economic circumstances and to the fact that the claimant now resides in the State of Tennessee." Claimant testified that she currently works three 11½-hour shifts per week as an LPN and that she performs all the work of an LPN except total patient care, which she apparently is unable to do. She also testified that, despite this limitation, she believes that she is paid at the same rate as the other LPNs at the facility. When asked if she is paid "LPN pay," she replied, "As far as in Tennessee, I would say yes." Based upon this statement, the Board apparently concluded that claimant's reduced earnings were solely the result of a lower pay scale for LPNs in Tennessee, an economic condition unrelated to her disability.

Assuming that, despite the absence of any evidence comparing the pay scale for LPNs in New York and Tennessee, claimant's ambiguous statement is sufficient to support the Board's apparent finding that the pay scale for LPNs is lower

in Tennessee than in New York, the Board failed to take into account claimant's undisputed testimony that she worked five 8½-hour shifts per week when she worked for the employer in New York. Accordingly, she was working fewer hours per week in Tennessee than she had in New York and, in the absence of any evidence that this reduction in claimant's hours played no role in the reduction in her earnings or that the reduction in hours was self-imposed or otherwise unrelated to the disability, we are of the view that there is insufficient support in the record for the Board's apparent finding that claimant's reduction in earnings was caused solely by a lower Tennessee pay scale (*see, Matter of Meisner v United Parcel Serv.*, 243 AD2d 128, 131, *lv dismissed* 93 NY2d 848, *lv denied* 94 NY2d 757). Considering all of the circumstances, we conclude that the Board erred in ruling that claimant's reduced earnings were caused solely by economic conditions unrelated to her disability.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.