■ In the Matter of the Claim of LAURA TURETZKY-SANTANIELLO, Appellant, v VASSAR BROTHERS HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 763] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed July 12, 2001, which, inter alia, ruled that claimant was not entitled to an award of reduced earnings subsequent to April 24, 1998.

Claimant, a registered nurse, sustained a work-related injury to her back in 1992 and again in 1996, but following each incident continued to work full time for the employer. Claims for workers' compensation benefits were filed as a result of both incidents and each was established for accident, notice and causation. On March 13, 1998, claimant notified the employer that she was resigning from her position effective April 24, 1998 because she was moving to Massachusetts. On March 28, 1998, she underwent emergency back surgery.

In July 1998, claimant obtained a part-time position as a registered nurse at a Massachusetts hospital. In the interim, claimant's second claim was still pending before a Workers' Compensation Law Judge (hereinafter WCLJ) specifically with regard to issues of, inter alia, causally related surgery and voluntary withdrawal from the labor market. Ultimately, the

---

WCLJ issued a reserved decision on March 6, 2001 finding, among other things, that claimant voluntarily removed herself from the labor market after April 24, 1998 and was not entitled to an award of reduced earnings subsequent to that date. The WCLJ issued another decision on May 3, 2001 setting forth formal awards and again finding that claimant was not entitled to any compensable lost time after April 24, 1998. Claimant applied to the Workers' Compensation Board for review of both decisions. The Board declined to review the March 6, 2001 decision because claimant's application was untimely filed. The Board, however, upheld the May 3, 2001 decision and concluded that claimant was not entitled to an award of reduced earnings subsequent to April 24, 1998. This appeal ensued.

Claimant contends that the Board erroneously denied her an award of reduced earnings based upon the absence of medical reports specifically restricting her work hours and precluding her from working full time after April 24, 1998, but such argument is without merit. It is well settled that "a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability" (*Matter of La Pietra v County of Suffolk*, 294 AD2d 794, 794; *see Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740). Although the absence of medical evidence is not determinative of such an award (*see Matter of Evans v Jewish Home & Hosp.*, 289 AD2d 795, 796), "[w]here * * * the evidence establishes that claimant's loss of employment was due to * * * conditions unrelated to the disability, claimant bears the burden of demonstrating that limitations due to the disability were a cause of the subsequent inability to obtain [full-time] employment" (*Matter of Ennist v Texaco*, 280 AD2d 773, 773; *see Matter of Holman v Hyde Park Nursing Home*, 268 AD2d 705, 705).

The record before us, including claimant's own testimony, is devoid of any evidence establishing that claimant left her employment due to a disabling back condition or that she was unable to obtain full-time employment at the hospital in Massachusetts as a result of her injury. Although claimant asserts in her brief that her doctor advised her that she could not return to work until July 1998, there is no evidence to support this claim. Furthermore, claimant's assertion is inconsistent with her doctor's April 16, 1998 report, which states that claimant is "doing good" and that she has restricted her activities.

Nor does the evidence support claimant's assertion that she is unable to work full time since the surgery. Notably, claimant

testified that she notified her employer on March 13, 1998, well before she knew she would require back surgery, that she was resigning in April 1998 and relocating to Massachusetts and, in fact, in January 1998, had obtained a Massachusetts nursing license in anticipation thereof. She further indicated that she moved immediately after the surgery and remained unemployed until she obtained a nursing position in Massachusetts on July 7, 1998. She stated that she worked on a per diem basis approximately 24 hours per week, but could work more hours if needed by the hospital and if she was available and so desired. She also testified that she earned more per hour at the Massachusetts hospital than she had when working for her employer. Significantly, while claimant was limited in certain physical activities, such as lifting, bending and twisting, no medical evidence was adduced establishing that claimant was restricted in her work hours. Overall, the consensus of medical opinion was that the surgery had successfully rectified the herniated disc in claimant's spine. In view of the foregoing, we find that substantial evidence supports the Board's conclusion that claimant's reduced earnings subsequent to April 24, 1998 was attributable to factors unconnected with her work-related injury (*see Matter of Virtuoso v Glen Campbell Chevrolet*, 292 AD2d 731, 731, *lv denied* 98 NY2d 608).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered the decision is affirmed, without costs.