■ In the Matter of the Claim of GARY THOMPSON, Appellant, v SAUCKE BROTHERS CONSTRUCTION COMPANY, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 398]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 20, 2002, which ruled that claimant was not entitled to an award for reduced earnings subsequent to August 30, 1999.

Claimant was employed full time as a carpenter when he sustained a compensable back injury in August 1995. Following back surgery, claimant resumed employment on a part-time basis and was subsequently classified as suffering from a permanent partial disability and awarded reduced earnings workers' compensation benefits. He never returned to full-time employment. After a hearing, a Workers' Compensation Law Judge found that while claimant was permanently partially disabled as a result of his work-related back condition, he failed to sustain his burden of proving that he was physically incapable of working full time subsequent to August 30, 1999. Accordingly, he was ineligible for reduced earnings benefits after that date. The Workers' Compensation Board affirmed that decision, prompting claimant's appeal.

While a claimant's permanent partial disability gives rise to an inference that a subsequent reduction in wages is attributable to that condition, a reduced earnings award may be denied where, the reduction in earning capacity results from factors other than the claimant's work-related injury (see Matter of La Pietra v County of Suffolk, 294 AD2d 794 [2002]). Here, it was claimant's burden to demonstrate that his inability to obtain full-time employment was caused, at least in part, by his disabilities (see Matter of Hare v Champion Intl., 303 AD2d 799, 800 [2003]; Matter of Ennist v Texaco, 280 AD2d 773 [2001]). Claimant did not meet that burden. Although both claimant's primary care physician and the physician who examined him on behalf of the carrier expressed the opinion that his employment

should exclude repetitive physical motion and heavy lifting, neither opined that his work-related injury precluded him from full-time employment.

Under the circumstances, substantial evidence supports the Board's decision finding that claimant's reduced earnings subsequent to August 30, 1999 are attributable to factors unconnected to his employment-related injury (*see Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706 [2003]; *Matter of Walby v Volt Info. Science*, 292 AD2d 740 [2002]).

We have considered claimant's remaining arguments and find them unpersuasive.

Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.