■ In the Matter of the Claim of JAN MILLNER, Appellant, v CABLEVISION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 666]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 6, 2002, which ruled that claimant was not entitled to an award of reduced earnings subsequent to February 1, 2000.

On November 15, 1996, claimant, while on assignment as a freelance news reporter, was involved in a motor vehicle accident and sustained injuries resulting in the filing of a workers' compensation claim. Following a number of hearings before a Workers' Compensation Law Judge, claimant's average weekly wage was set and she was awarded benefits for reduced earnings subsequent to December 23, 1996. Upon review, the Workers' Compensation Board concluded that claimant's reduction in work hours subsequent to February 1, 2000 was not attributable to a causally related disability and rescinded all awards for reduced earnings after this date. Claimant appeals.

"It is well settled that 'a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability' " (*Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706, 707 [2003], quoting *Matter of La Pietra v County of Suffolk*, 294 AD2d 794, 794 [2002]; *see Matter of Ennist v Texaco*, 280 AD2d 773, 773 [2001]). The Board is vested with the authority to resolve conflicting evidence on the issue of whether a claimant's injury caused reduced earnings and its factual findings in this regard will not be disturbed if supported by substantial evidence (*see Matter of Pulcastro v N & S Supply Co.*, 270 AD2d 737, 738 [2000]; *Matter of Coyle v Intermagnetics Corp.*, 267 AD2d 621, 622 [1999]).

Here, claimant testified that she applied for and would accept full-time employment if available, but that her chiropractor advised her not to work more than two days per week. Although claimant's chiropractor indicated that claimant was totally disabled at the time of the accident and suffered a marked disability, he opined that claimant could have returned to work as a reporter in February 2000 with the only restrictions being no heavy lifting or prolonged standing. Inasmuch as the record supports the Board's finding that claimant's reduced work schedule was not attributable to her disability but, rather, to purely economic factors in the job market, we find no reason to disturb its decision.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.