◼ In the Matter of the Claim of DAVID G. KATSARIS, Appellant, v LOCKHEED MARTIN FEDERAL SYSTEMS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 236]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 13, 2003, which denied claimant benefits for reduced earnings.

The underlying facts of this claim for workers' compensation benefits are set forth in a prior decision of this Court and will not be repeated here (281 AD2d 744 [2001]). In our prior decision, we concluded that claimant, who suffered a work-related injury on July 10, 1996 and was fired for misconduct unrelated to this injury on October 23, 1996, had " 'the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent

inability to obtain employment' '' (*id.* at 745, quoting *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]). Now at issue is a decision of the Workers' Compensation Board finding that claimant failed in this burden.

As noted in *Matter of Millner v Cablevision* (2 AD3d 1146, 1147 [2003]), "[t]he Board is vested with the authority to resolve conflicting evidence on the issue of whether a claimant's injury caused reduced earnings and its factual findings in this regard will not be disturbed if supported by substantial evidence." Here, the record reveals that following his July 1996 work-related injury, claimant only missed eight intermittent days of work before being terminated. During this time period, he was otherwise able to perform his job, albeit with a slight restriction on his already limited lifting ability.* Specifically, according to the testimony of the employer's manager of manufacturing, between July 10, 1996 and October 23, 1996, claimant performed his job within all medical lifting restrictions and could have continued in that position but for being terminated for misconduct.

Moreover, there was no evidence that claimant was denied any employment opportunity because of his work-related disability (*see Matter of Dudlo v Polytherm Plastics, supra* at 793-794; *compare Matter of Johnson v Onondaga Heating & A.C.,* 301 AD2d 903 [2003]). To this end, we note that claimant only sought new employment for a brief period of time after his 1996 termination. Nor was any competent medical evidence offered to establish that his work-related disability rendered him totally incapable of all employment (*see Matter of Thompson v Saucke Bros. Constr. Co.,* 2 AD3d 993, 993-994 [2003], *lv denied* 2 NY3d 703 [2004]; *Matter of Millner v Cablevision, supra* at 1147). Under these circumstances, substantial evidence supports the Board's finding that claimant failed to demonstrate that his loss of earnings after being terminated for misconduct was causally related to his work-related accident (*see Matter of Thompson v Saucke Bros. Constr. Co., supra*; *Matter of Millner v Cablevision, supra*; *Matter of Turetzky-Santaniello v Vassar Bros. Hosp.,* 302 AD2d 706 [2003]). Accordingly, the Board's decision must be affirmed.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* As a result of a 1978 nonwork-related accident, claimant was unable to lift over 25 pounds. After his July 1996 work-related accident, this weight restriction was reduced to 20 pounds.