■ In the Matter of the Claim of HOWARD GROSS, Appellant, v BJ's WHOLESALE CLUB et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 372]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 26, 2004, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant was employed by BJ's Wholesale Club when he tripped and fell on September 17, 2002, sustaining injuries to his head, hip and hand. He was treated at an emergency room later that evening, and returned to work two days later. In November 2002, claimant's employment was terminated due to a layoff, and he claims that he thereafter engaged in an unsuccessful job search. In mid-December 2002, claimant sought medical treatment for the injuries sustained in September. Physician Benjamin Yentel found him to be totally disabled by posttraumatic concussion syndrome, clinical lumbar radiculopathy and strain/sprain of the cervical and thoracic spine. Based upon Yentel's advice not to work, claimant terminated his job

search. Following a hearing addressing, among other things, the issue of voluntary withdrawal from the labor market, a workers' compensation law judge found that claimant did not voluntarily withdraw from the labor market, and that he was partially disabled as of the date of his first visit to Yentel and thereafter. Upon the workers' compensation carrier's application for administrative review, the Workers' Compensation Board reversed and denied compensation, finding a voluntary withdrawal from the labor market. Claimant now appeals.

Whether claimant has voluntarily withdrawn from the labor market is a factual issue, and the Board's determination of that issue will not be disturbed if supported by substantial evidence (*see Matter of Soop v Borg Warner Automotive*, 21 AD3d 668, 669 [2005]; *Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 737 [2003], *lv dismissed* 2 NY3d 823 [2004]). Where, as here, claimant's loss of employment is due to a layoff—a factor other than his work-related injury—he bears the burden of establishing by substantial evidence that his disability contributed to his continued unemployment (*see Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]; *see also Matter of Hare v Champion Intl.*, 303 AD2d 799, 800 [2003]; *Matter of Benesch v Utilities Mut. Ins. Co.*, 263 AD2d 585, 585 [1999]).

Testimony regarding claimant's voluntary withdrawal from the labor market was elicited from claimant and Yentel. Although claimant missed two days of work after his fall, he thereafter continued to work until he was terminated for reasons unrelated to his injuries, he looked for employment for only a few weeks but offered no details or substantiation of his job search, and his first visit to Yentel did not occur until shortly after the Board filed a decision closing his case pending receipt of medical reports supporting the claim. Yentel's testimony that claimant was totally disabled in December 2002 was not supported by any description of how his limitations constituted a total disability. Although Yentel was aware that claimant was a salesperson, he was unaware that claimant had returned to work after his accident, he had no knowledge of claimant's daily activities or job responsibilities, and he admitted that claimant was capable of performing some of the tasks pertinent to the job of a salesperson. A report of an independent medical examination performed in October 2003 states that claimant "voluntarily restricts motion" and "magnified symptoms greatly."

In light of the Board's "broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672 [2000]; *see Matter of Blair*

*v Queens Borough Pub. Lib.*, 26 AD3d 624, 624 [2006]; *Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684 [2001], *lv denied* 97 NY2d 612 [2002]; *compare Matter of Knouse v Millshoe*, 260 AD2d 948, 950 [1999]), we find substantial evidence to support the Board's determinations that claimant did not meet his burden of showing that his disability contributed to his unemployment after he was laid off, and that he voluntarily withdrew from the labor market.

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.