■ In the Matter of the Claim of THOMAS O'SHEA, Appellant, v INITIAL CLEANING SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [819 NYS2d 364]—

---

* Keough was granted custody of Shayna because both of her parents were incarcerated.

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 24, 2004, which ruled that claimant was not entitled to an award of workers' compensation benefits for reduced earnings.

When this case was previously before us, we reversed the Workers' Compensation Board's denial of benefits to claimant on the ground that substantial evidence did not support the Board's determination that claimant had voluntarily withdrawn from the labor market (10 AD3d 772 [2004]). Upon remittal, the Board reconsidered the matter and, once again, denied benefits. This time, however, the Board made findings on the issue of causation for claimant's loss of earnings, concluding that he failed to establish that his permanent partial disability was a cause of his subsequent inability to obtain employment. Claimant now appeals and we affirm.

In its prior determination, the Board noted that claimant had been terminated for being absent from work without giving the employer prior notice, but did not find that his subsequent withdrawal from the labor market was caused solely by his discharge for misconduct. Rather, the Board held that claimant voluntarily withdrew upon his termination because he had ceased working without medical advice to do so at a time when he was capable of performing some type of work. We found that conclusion to be unsupported by the record (*id.* at 773). In its determination on remittal, the Board found that claimant was discharged for misconduct unrelated to his occupational disease based upon the hearing testimony of coworker David Doughtry, who stated that claimant had been fired for missing work without giving prior notification.* As the Board noted, this discharge defeated the inference that his subsequent loss of wages was attributable to his permanent partial disability and imposed on him " 'the burden of establishing by substantial evidence that the limitations on his employment due to his [occupational disease] were a cause of his subsequent inability to obtain employment' " (*Matter of Katsaris v Lockheed Martin Fed. Sys.*, 281 AD2d 744, 745 [2001], quoting *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]). Claimant failed to satisfy this burden, inasmuch as he conceded that he would have continued working but for his termination and he presented no

---

* Contrary to claimant's contention, such a violation of workplace rules can properly form the basis for the Board's determination that he was terminated for misconduct, despite a prior holding in an unemployment insurance proceeding that the violation did not rise to the level of disqualifying misconduct under the meaning of the Labor Law (*see Matter of McDuffie [Menorah Home & Hosp. for Aged & Infirm—Commissioner of Labor]*, 257 AD2d 824, 824-825 [1999]).

additional evidence that he had become fully disabled or had unsuccessfully sought employment within his limitations (*see Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]; *Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706, 707 [2003]). Accordingly, we will not disturb the Board's decision.

Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be unavailing.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.