■ In the Matter of the Claim of LYNN WOODWORTH, Appellant, v CLIFTON SPRINGS HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [826 NYS2d 800]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 29, 2005, which ruled, inter alia, that claimant was not entitled to an award of workers' compensation benefits subsequent to December 5, 2003.

In March 2000 claimant, a registered nurse, sustained work-related injuries to her back and was awarded workers' compensation benefits. She returned to work with some physical restrictions but left her employment in July 2001 when her position was made part time. Claimant accepted a supervisory position at a nursing home in October 2001, where she worked for approximately two years before she was let go for personal reasons. In November 2004 claimant was classified permanently partially disabled as a result of her back injury and awarded additional benefits. Upon the appeal of the employer and its workers' compensation carrier, the Workers' Compensation Board reversed, concluding that claimant did not adequately establish that her back condition was a limiting factor in her search for employment, and that she failed to conduct a reasonable and diligent search for employment within her restrictions. Claimant now appeals and we affirm.

"Where, as here, claimant's loss of employment is due to . . . a factor other than [her] work-related injury[, she] bears the burden of establishing by substantial evidence that [her] disability contributed to [her] continued unemployment" (*Matter*

*of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006] [citations omitted]). The Board's determination " 'on the issue of whether a claimant's injury caused reduced earnings and its factual findings in this regard will not be disturbed if supported by substantial evidence' " (*Matter of Katsaris v Lockheed Martin Fed. Sys.*, 9 AD3d 701, 702 [2004], quoting *Matter of Millner v Cablevision*, 2 AD3d 1146, 1147 [2003]). Here, claimant testified that she left her employment in July 2001 after the position she held was reduced to part-time status. Competent medical evidence was offered to establish that claimant was able to continue working, with the limited restrictions that she refrain from lifting, carrying, pushing or pulling objects over 10 pounds and from working more than 40 hours per week. Significantly, claimant testified that she obtained new employment soon thereafter, where she remained employed for approximately two years, and the medical and testimonial evidence offered establishes that the only restriction upon her continued employment is to refrain from maneuvering objects over 10 pounds. Under these circumstances, we find that substantial evidence supports the Board's determination that claimant failed to establish that her work-related back injury was a limiting factor in her search for employment, and its conclusion that claimant's loss of earnings subsequent to December 5, 2003 were attributable to factors unrelated to her back injury (*see Matter of Gross v BJ's Wholesale Club, supra* at 1053; *Matter of Katsaris v Lockheed Martin Fed. Sys., supra* at 702).

Carpinello, J.P., Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.