■ In the Matter of the Claim of THOMAS FURRER, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 397]—

Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed September 5, 2006, which, among other things, ruled that claimant voluntarily withdrew from the labor market.

On October 1, 2000, while working as a police officer, claimant injured his neck and back. Claimant was out of work until early December 2000. On January 26, 2001, he suffered a recurrence

of the injury which rendered him unable to work. Claimant received workers' compensation benefits and remained an employee of the Suffolk County Police Department. In September 2001, he enrolled in college courses, later obtaining a Bachelor's degree in sociology. Thereafter, he continued his studies as a part-time, nonmatriculated student. In April 2003, claimant was arrested. His employment with the Department was formally terminated based upon his arrest, which later led to a misdemeanor conviction. In the workers' compensation proceedings, the Department raised the issue of claimant's voluntary withdrawal from the labor market. The Workers' Compensation Law Judge ruled, among other things, that claimant sustained a permanent partial disability as a result of a work-related injury, but did not voluntarily withdraw from the labor market. The Workers' Compensation Board modified the decision by ruling that claimant's termination amounted to a voluntary withdrawal from the labor market and that his subsequent loss of earnings was not attributable to his disability. Claimant appeals.

"Whether a claimant has voluntarily withdrawn from the labor market is a factual question for the Board to resolve, and the Board's resolution will not be disturbed if supported by substantial evidence" (*Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007] [citations omitted]). Notably, a claimant's discharge for misconduct extinguishes the inference that the subsequent loss of wages was attributable to his permanent partial disability (*see Matter of O'Shea v Initial Cleaning Serv.*, 32 AD3d 592, 593 [2006]). With this inference eliminated, the claimant then bears the burden of demonstrating " 'by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment' " (*Matter of Katsaris v Lockheed Martin Fed. Sys.*, 281 AD2d 744, 745 [2001], quoting *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]).

Here, claimant was unquestionably discharged for misconduct arising from his commission of a crime, and his loss of earnings following that discharge cannot be presumed to be attributable to his disability. Significantly, claimant admitted that he did not make any attempt to secure employment after his termination. Although he continued to take college courses, he reduced the number of classes he was taking and failed to prove that he was enrolled in a degree-granting program. We see no reason to disturb the Board's finding that claimant voluntarily withdrew from the labor market when he was discharged from employment for ample cause, failed to search for work within his medi-

cal restrictions and was not enrolled as a full-time, matriculated student.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.