■ In the Matter of the Claim of GREGORY L. FISHER, Appellant, v BOTHAR CONSTRUCTION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [853 NYS2d 707]—

Kane, J.

Claimant worked for the employer as a construction supervisor, a position that required heavy lifting. In July 2001, he injured his head and neck when some barrels fell on his head. Claimant continued to work without restrictions until October 2001, when he was laid off for reasons unrelated to the work accident. He began applying for other employment in the construction field without mentioning any injury or restrictions, but received no offers until April 2002. In December 2001 or January 2002, he sought medical treatment for the first time since his accident. A doctor imposed a lifting restriction of 30 pounds. On January 28, 2002, claimant applied for workers' compensation benefits. In April 2002, he obtained new employment as a construction inspector, a position which did not require physical labor but which paid less than his construction supervisor position. Although medical restrictions had been imposed at that time, he did not mention them to his new employer.

Following a hearing, a Workers' Compensation Law Judge found that claimant suffered a permanent partial disability and that his reduced earnings were causally related to the July 2001 accident. On the employer's appeal, the Workers' Compensation Board found that claimant's reduced earnings were not causally related to his compensable injury. The Board later denied claimant's request for full Board review. Claimant appeals.

Initially, the employer's appeal to the Board was timely. Claimant argues that the employer could not contest his entitlement to reduced earnings because it did not appeal a prior decision awarding reduced earnings. But the prior decision awarded only tentative reduced earnings. An appeal need not be taken from a decision making a tentative award; an appeal is properly taken from a final decision (*see Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870, 870 [1979]).

The issue of whether a claimant's reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence (*see Matter of Woodworth v Clifton Springs Hosp.*, 35 AD3d 1062, 1063 [2006]; *Matter of Katsaris v Lockheed Martin Fed. Sys.*, 9 AD3d 701, 702 [2004]). While a finding of permanent partial disability gives rise to an inference that a reduction in earnings is attributable to the disability, the Board may deny a reduced earnings award "where the reduction in earning capacity results from factors other

than the claimant's work-related injury" (*Matter of Thompson v Saucke Bros. Constr. Co.*, 2 AD3d 993, 993 [2003], *lv denied* 2 NY3d 703 [2004]; *see Matter of Millner v Cablevision*, 2 AD3d 1146, 1147 [2003]). Claimant, having lost his employment due to factors other than his work-related injury, bore the burden of establishing by substantial evidence that his disability contributed to his subsequent reduction in earnings (*see Matter of Furrer v Suffolk County Police Dept.*, 45 AD3d 996, 997 [2007]; *Matter of Woodworth v Clifton Springs Hosp.*, 35 AD3d at 1062; *Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740 [2002]). Claimant worked without restrictions for three months after his accident, only ceasing employment when he was laid off. He testified that after he was laid off, he did not inform potential employers of his injury or limitations, and his medical restrictions had no bearing on his search for other employment. He also testified that he applied to an engineering firm but was not hired simply because he did not want to travel. The Board's determination was thus supported by claimant's own testimony, which established that his failure to find other employment was not caused, even in part, by his disability, but by economic factors and his personal preference not to travel (*compare Matter of O'Shea v Initial Cleaning Serv.*, 32 AD3d 592, 593-594 [2006]; *Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706, 708 [2003]).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.