Mercure, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 4, 2007, which ruled that claimant was entitled to an award of reduced earnings subsequent to September 14, 2005.
Claimant, a nursing supervisor, sustained a work-related injury to her lower back in July 2003. Following surgery, claimant eventually returned to work full time with various restrictions. Despite the employer’s efforts to accommodate *867 these restrictions, claimant continued to experience pain and difficulties and, in September 2005, accepted a more sedentary but less lucrative position with the employer.
Claimant thereafter requested an award of reduced earnings and, following hearings, a Workers’ Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently partially disabled as a result of her work-related injury and, further, that she qualified for an award of reduced earnings.* Upon review, a panel of the Workers’ Compensation Board affirmed. This appeal by the employer and the carrier ensued.
We affirm. The sole issue raised by the employer and the carrier on appeal is the WCLJ’s denial of the request to cross-examine claimant’s treating physician. In that regard, the case law makes clear that “[i]n the absence of a viable difference in the expert opinions expressed in the medical reports, no prejudice accrues as a result of the denial of the right to cross-examine a medical expert” (Matter of Bryan v Borg-Warner Automotive, 293 AD2d 856, 857 [2002]; see Matter of Torres v TAD Tech. Servs. Corp., 193 AD2d 975, 976 [1993]; see also Matter of Emanation v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]). Here, both claimant’s treating physician and the physician who conducted the independent medical examination agreed that claimant suffered a permanent partial disability. The employer and the carrier argue, however, that the relevant issue is not permanency but, rather, whether claimant’s loss of earnings after September 2005 is due to her compensable back injury or some unrelated factor. Thus, the argument continues, the testimony of claimant’s treating physician is critical to resolving this issue.
We cannot agree. The question of whether a claimant’s reduced earnings are causally related to a compensable injury is a factual issue for the Board to resolve (see Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [2008]). While a finding of a permanent partial disability gives rise to the inference that the reduction in earnings is due to such disability, the Board nonetheless may deny a request for a reduced earnings award where the reduction in earning capacity is due to age, general economic conditions or some other unrelated factor (see id. at 1043-1044; Matter of Meisner v United Parcel Serv., 243 AD2d 128, 130 [1998], lv dismissed 93 NY2d 848 [1999], lv denied 94 NY2d 757 [1999]). Here, the Board’s decision turned on a credibility determination—the Board credited claimant’s testimony *868 as to the reasons why she accepted a more sedentary position and, accordingly, affirmed the WCLJ’s finding that claimant changed jobs due to her disability and not, as the employer had contended, due to a desire to no longer work weekends. Under such circumstances, we perceive neither a denial of due process nor any basis upon which to set aside the Board’s decision.
Cardona, EJ., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.

 The actual decision contains a typographical error and mistakenly states that claimant was entitled to reduced earnings subsequent to September 14, 2003, rather than 2005.