■ In the Matter of the Claim of KATRINA DELEE, Respondent, v CROUSE HINDS DIVISION OF COOPER INDUSTRIES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 744]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed August 28, 2007, which ruled that claimant's permanent partial disability contributes to her reduced earnings and made an award of reduced earnings.

Claimant sustained a work-related injury to her back in September 1991, as the result of which she was awarded workers' compensation benefits and classified with a permanent partial disability. Although claimant returned to work in January 1993, her disability prevented her from satisfying the job requirements and her employment was terminated shortly thereafter. Then, in November 1997, claimant obtained other employment within her physical limitations, which employment she continued in various capacities until October 30, 2004. At that time, she was diagnosed with breast cancer and underwent multiple surgeries and chemotherapy. While the cancer is now in remission, claimant developed neuropathy and cardiomyopathy as the result of the chemotherapy and has not returned to work. To that end, the employer's workers' compensation carrier filed a request for further action in October 2006, contending that claimant's inability to work is now due solely to complications arising from the cancer and, consequently, she is no longer entitled to reduced earnings. Following a hearing, the Workers' Compensation Law Judge agreed with the carrier, but this decision was subsequently reversed by the Workers' Compensation Board, which continued claimant's award of reduced earnings from October 30, 2004 to March 15, 2007. The employer now appeals and we affirm.

Supervening nonindustrial causes of disability do not relieve an employer of responsibility for a permanent partial disability that was previously established and continues to contribute to a claimant's reduced earning capacity (see Matter of White v Bethlehem Steel Corp., 45 AD2d 782, 783-784 [1974, Herlihy, J., dissenting]; Matter of Pergolizzi v Lafata Constr. Corp., 31 AD2d 670 [1968]; Matter of Papkoff v Feldman, 26 AD2d 140, 141 [1966], affd 19 NY2d 932 [1967]). Further, the extent to which an established disability contributes to the reduction in a claimant's earning capacity is a factual issue for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence (see Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [2008]; Matter of Woodworth v Clifton Springs Hosp., 35 AD3d 1062, 1063 [2006]). Here, although orthopedic surgeon Daniel Carr "[saw] no reason why [claimant] could not work a normal job full duty were it only for her [September

1991] back claim" and opined that claimant's "disability [was] due to her medical situation rather than . . . her lumbar spine condition," the medical records from claimant's treating physician demonstrate that she continues to suffer from back pain and that the pain has "worsened and [become] more persisting[,] keeping her from sleeping." Additionally, claimant testified that she continues to take medication for the pain in her back and, further, that this pain contributes to her inability to work. Under these circumstances, the Board's determination that claimant's permanent partial disability continues to contribute to her reduction in earning capacity is supported by substantial evidence and, consequently, we discern no basis upon which to disturb the Board's decision.

Peters, J.P., Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.