■ In the Matter of the Claim of MICHAEL CICINNATI, Appellant, v CLARE ROSE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [896 NYS2d 258]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 2008, which, among other things, ruled that claimant voluntarily withdrew from the labor market.

Claimant, a route salesperson for a beer distributor, injured his back in December 2004 and was awarded workers' compensation benefits. On March 30, 2007, four days after his return from a period of lost time related to his compensable injury, claimant was terminated for insubordination arising out of an altercation that he had with a customer. Asserting that his reduced earnings subsequent to his termination were caused by his work-related injury, claimant sought workers' compensation benefits after March 30, 2007. Following hearings, despite concluding that claimant had been terminated for good cause, a workers' compensation law judge determined that claimant was permanently partially disabled, that he had not voluntarily withdrawn from the labor market, and that he was therefore entitled to awards beyond the date of his termination. Upon review, the Workers' Compensation Board rescinded those awards, finding that claimant's employment ended as a result of misconduct—not due to his compensable injury—and that he had failed to demonstrate an attachment to the labor market. This appeal ensued.

Preliminarily, we observe that substantial evidence supports the Board's determination that claimant was terminated for misconduct (see generally Matter of Peng Kim v Community Liv-

*ing Corp.*, 253 AD2d 911, 912 [1998], *lv denied* 93 NY2d 802 [1999]). In that regard, claimant's supervisor testified that claimant's attitude and demeanor were poor, he was disrespectful to management and customers, and he had been the subject of several disciplinary proceedings. Moreover, on March 28, 2007, claimant's immediate supervisor received a call from an irate customer complaining about the service that claimant had provided that day. Despite being told the following morning to return to the account and satisfy the customer, claimant failed to do so, leading to his termination the next day.*

Inasmuch as claimant was discharged for misconduct, he was not entitled to the inference that his subsequent loss of wages was attributable to his compensable injury (*see Matter of Furrer v Suffolk County Police Dept.*, 45 AD3d 996, 997 [2007], *lv denied* 10 NY3d 701 [2008]; *Matter of O'Shea v Initial Cleaning Serv.*, 32 AD3d 592, 593 [2006]). Rather, claimant bore " 'the burden of establishing by substantial evidence that the limitations on his employment due to his disability were a cause of his subsequent inability to obtain employment' " (*Matter of Katsaris v Lockheed Martin Fed. Sys.*, 281 AD2d 744, 745 [2001], quoting *Matter of Dudlo v Polytherm Plastics*, 125 AD2d 792, 793 [1986]). Here, claimant has failed to satisfy this burden. Indeed, although the medical evidence indicated that claimant could perform full-time sedentary work, claimant admitted that he had made no effort to find employment of any kind since his termination. Accordingly, as the Board's determination that claimant has failed to demonstrate an attachment to the labor market is supported by substantial evidence, we perceive no basis upon which to disturb it (*see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]; *see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]).

Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although claimant filed a grievance in regard to his termination, an arbitrator found that the termination was valid.