■ In the Matter of the Claim of Martin A. Tawil, Appellant, v Fallsburg Central School District et al., Respondents. Workers' Compensation Board, Respondent. [966 NYS2d 247]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed December 19, 2011, which ruled, among other things, that claimant was not entitled to workers' compensation benefits subsequent to June 30, 2009.

Claimant was employed as a school principal for the self-insured employer when he suffered work-related injuries to his ankle, knee and back in November 2008 that rendered him temporarily totally disabled. Claimant filed a claim for workers' compensation benefits, which was not disputed by the employer; however, claimant did not begin to receive benefits, as he continued to be paid his salary by the employer. In February

---

2009, claimant received a letter from the employer notifying him that he had been denied tenure. In response, on February 27, 2009, claimant submitted a letter of resignation, effective June 30, 2009, the last day of the school year. Claimant never returned to work for the employer, but thereafter secured a teaching position in Florida at a substantially reduced salary, beginning in October 2009.

Meanwhile, in July 2009, claimant sought to begin receiving workers' compensation benefits. Following hearings, a Workers' Compensation Law Judge determined, as relevant here, that claimant was entitled to lost earnings and reduced earnings payments commencing June 30, 2009 and continuing. Ultimately, the Workers' Compensation Board modified that determination, in a full Board decision, concluding that claimant ceased working for reasons unrelated to his disability and failed to demonstrate that his reduction in earnings was causally related to his compensable injuries and, thus, he was not entitled to awards subsequent to June 30, 2009. Claimant appeals.

We affirm. When employment is lost due to factors other than a compensable injury, the claimant bears the burden of establishing that his or her disability contributed to any subsequent reduction in earnings (*see Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1299, 1300-1301 [2009]; *Matter of Fisher v Bothar Constr.*, 49 AD3d 1042, 1044 [2008]). Whether reduced earnings are causally related to a compensable injury is a question of fact for resolution by the Board, and its decision will not be disturbed when supported by substantial evidence (*see Matter of Delee v Crouse Hinds Div. of Cooper Indus.*, 59 AD3d 795, 796 [2009]; *Matter of Robideau v Van Rensselaer Manor*, 56 AD3d 866, 867 [2008]; *Matter of Fisher v Bothar Constr.*, 49 AD3d at 1043).

Here, substantial evidence supports the Board's threshold determination that claimant's employment ended for reasons unrelated to his disability. Claimant testified that upon receiving the letter advising that he had been denied tenure, he resigned his position to avoid having the inevitable termination on his employment record. Further, claimant's resignation letter gave no indication that his resignation was in any way related to his disabilities. Thus, it became claimant's burden to demonstrate that any subsequent reduction in his earnings was due, at least in part, to his disability.

In that regard, claimant testified that, during his job search subsequent to resignation, he applied and interviewed for a school principal position that was no different than the job he performed for the employer. Claimant further testified that he

had not informed that prospective employer—or any other during the course of his search—about restrictions due to his disability. Further, claimant opined that it was rather difficult to secure a position in education in New York, which ultimately led him to accept a teaching position in Florida, where it was easier to obtain employment. Thus, claimant's own testimony established that his reduction in earnings was not caused, even in part, by his disability, but rather by other economic factors; thus, we decline to disturb the Board's decision (*see Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d at 1300-1301; *Matter of Fisher v Bothar Constr.*, 49 AD3d at 1044).

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.