Matter of Garcia v MCI Interiors, Inc. (2019 NY Slip Op 05240)





Matter of Garcia v MCI Interiors, Inc.


2019 NY Slip Op 05240


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

526737

[*1]In the Matter of the Claim of CARLOS GARCIA, Appellant, MCI INTERIORS, INC., et al., Respondents, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Law Office of Michael Uysal, Esq., New York City (Michael D. Uysal of counsel), for appellant.
The Chartwell Law Offices, LLP, New York City (Lauren M. Bilasz of counsel), for MCI Interiors, Inc. and another, respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed August 4, 2017, which ruled, among other things, that there was no causal relationship between claimant's occupational disease and his loss of earnings.
In a decision filed March 31, 2016, the Workers' Compensation Board ruled that claimant sustained a causally-related occupational disease resulting from repetitive physical stress and set a date of disablement of March 24, 2015. The Board suspended the payment of awards, however, pending further development of the record with regard to, among other things, whether claimant was attached to the labor market as of the date of disablement "such that he had wages to lose as the result of his causally related disability." The employer and its workers' compensation carrier appealed the Board's decision, and this Court affirmed (158 AD3d 907 [2018]).
Following a hearing regarding, among other things, the issue of claimant's attachment to the labor market, a Workers' Compensation Law Judge found that claimant was attached to the labor market until December 19, 2014 and awarded him benefits from March 24, 2015 forward at a temporary total disability rate. On review, the Board, among other things, rescinded the awards based upon its finding that claimant had stopped working for reasons unrelated to his occupational disease and had not reattached himself to the labor market. Claimant appeals.
We affirm. "Whether claimant has voluntarily withdrawn from the labor market is a factual issue, and the Board's determination of that issue will not be disturbed if supported by substantial evidence" (Matter of Gross v BJ's Wholesale Club, 29 AD3d 1051, 1052 [2006] [citations omitted]; see Matter of Romanko v New York Univ., 154 AD3d 1031, 1032 [2017]). Claimant testified that he informed his employer that he had a work-related injury in June 2014 and that he provided the employer with a note from his treating pain management physician, Robert Kim, in November 2014 stating that he could no longer work. Kim testified, however, that he began treating claimant in January 2014, that he believed that claimant was unemployed during the entire time that he was treating him and that he did not advise claimant to stop working in November 2014. The employer's owner and claimant's supervisor both testified that claimant would be periodically hired through his union to do construction work and that claimant stopped doing work for the employer on November 14, 2014. Both witnesses testified that claimant was laid off on that date because the project that he was working on finished up and the employer had no other work for him. The witnesses further testified that claimant never informed them of a work-related injury.
Claimant had a spinal cord stimulator surgically implanted in his back on December 19, 2014. Although claimant presented testimonial and documentary evidence that he worked for another employer during the two weeks prior to his surgery, the evidence did not indicate that claimant stopped working for that employer due to a work-related disability and none of the medical providers for claimant at that time testified that they advised claimant to stop working. Given the Board's authority to resolve factual issues based upon witness credibility (see Matter of Button v Button, 166 AD3d 1258, 1259 [2018]), substantial evidence supports the Board's determination that claimant's loss of employment was not due to a work-related disability (see Matter of Gross v BJ's Wholesale Club, 29 AD3d at 1052). Additionally, inasmuch as claimant left his employment for reasons other than his work-related disability prior to the date of disablement and has not sought employment since the surgery, the record lacks proof of causally-related reduced earnings (see Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]; Matter of Ilovar v Consolidated Edison, 28 AD3d 1026, 1027 [2006]; see also Matter of Lombardo v Otsego County Empls., 125 AD3d 1079, 1081 [2015]). Accordingly, the Board's decision denying awards will not be disturbed.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.