Matter of Coll v Cross Country Constr. (2022 NY Slip Op 00919)





Matter of Coll v Cross Country Constr.


2022 NY Slip Op 00919


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532577
[*1]In the Matter of the Claim of Steven Coll, Appellant,
v
Cross Country Construction et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for Cross Country Construction and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed December 7, 2020, which ruled that claimant was not entitled to an award of reduced earnings subsequent to June 30, 2020.
Claimant established a claim for injuries to his neck and left shoulder due to an accident on September 8, 2016 while employed as a laborer for a cement company. Claimant was thereafter awarded workers' compensation benefits at a temporary partial disability rate. Claimant returned to light-duty work for a different employer as a school security officer on February 28, 2020 at a reduced salary, and he received reduced earnings awards from that date and ongoing. Claimant was laid off from that security officer position on June 30, 2020 due to the COVID-19 pandemic and notified that the employer was not renewing his employment for the upcoming school year because the school district was uncertain of its staffing needs during the ongoing pandemic. Following a hearing, a Workers' Compensation Law Judge concluded that because claimant lost his security officer job for reasons wholly unrelated to his work-related disability, he had no compensable lost time and was not entitled to reduced earnings awards after June 30, 2020. The Workers' Compensation Board affirmed. Claimant appeals.
Claimant argues that the Board erred in finding that he was not entitled to reduced earnings. Claimant's unemployment and withdrawal from the labor market are not considered voluntary for purposes of the Workers' Compensation Law if his work-related disability "caused or contributed to" his separation from employment (Matter of Stagnitta v Consolidated Edison Co. of N.Y., 24 AD3d 1099, 1100 [2005]; see Matter of West v Niagara Mohawk Power Corp., 29 AD3d 1251, 1252 [2006]). "Whether claimant has voluntarily withdrawn from the labor market is a factual issue, and the Board's determination of that issue will not be disturbed if supported by substantial evidence" (Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1575 [2019] [internal quotation marks and citations omitted]).
Here, it was undisputed that claimant was laid off from his job as a security officer on June 30, 2020 for reasons unrelated to his work injury and, instead, solely due to the pandemic and resulting economic considerations. "'Where, as here, claimant's loss of employment is due to . . . a factor other than [his] work-related injury[, he] bears the burden of establishing by substantial evidence that [his] disability contributed to [his] continued unemployment'" (Matter of Woodworth v Clifton Springs Hosp., 35 AD3d 1062, 1062-1063 [2006], quoting Matter of Gross v BJ's Wholesale Club, 29 AD3d 1051, 1052 [2006]). There is no record evidence that his continued unemployment was due in any respect to his work-related injury, such as an inability to perform a job. Thus, the Board's determinations that claimant's loss of employment and ongoing unemployment were unrelated to his work-related disability, and that [*2]his unemployment was voluntary for purposes of the Workers' Compensation Law, are supported by substantial evidence (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d at 1576). Denial of reduced earnings awards is appropriate where the loss of employment and earnings is solely attributable to economic or other factors unconnected to a work injury (see id.; Matter of Millner v Cablevision, 2 AD3d 1146, 1147 [2003]). As the Board noted, claimant is not employed at a reduced salary but, rather, is unemployed for reasons unrelated to his work injury and, as such, he is not entitled to reduced earnings benefits under the Workers' Compensation Law. Instead, his remedy under these circumstances is with unemployment insurance benefits, if eligible, to replace his lost income that followed his pandemic-related layoff.
Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.