Matter of Saporito v Office of Ct. Admin. (2023 NY Slip Op 02917)

Matter of Saporito v Office of Ct. Admin.

2023 NY Slip Op 02917

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534851
[*1]In the Matter of the Claim of Barbara Saporito, Appellant,
v
Office of Court Administration et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (Jesse Sigismonti of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Melville (Gabriel Colon of counsel), for Office of Court Administration and another, respondents.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed April 1, 2021, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
Claimant, a court reporter, sustained injuries when she fell from her chair at work in March 2004, disturbing hardware from a lumbar fusion surgery performed the prior year to address a non-work-related injury. The hardware was later surgically removed in November 2005. Claimant returned to work for the employer upon her physician's approval until she was terminated from her job in December 2006, and thereafter worked sporadically as a freelance court reporter until she eventually ceased all employment. In December 2011, her claim was established for a work-related back injury and awards were made at a temporary total disability rate for the period between October 19, 2005 and January 5, 2006, with the remaining relevant time periods either found to be noncompensable or held in abeyance. Various proceedings ensued, but no further awards were made. During a December 2019 hearing, claimant sought additional awards for lost time from January 5, 2006 through the date of the hearing, asserting that medical evidence existed to support awards at a temporary total disability rate for various dates throughout the intervening 13-year period; she acknowledged that there were some periods with no medical evidence. The employer and its carrier (hereinafter collectively referred to as the carrier), in turn, raised the issues of voluntary removal and causation, among other things. Following a further hearing in December 2020, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant had causally-related wage losses and awarded benefits at the temporary total disability rate and a comparable tentative rate for various dates over the relevant time period, while marking certain periods of time as lacking medical evidence. Upon administrative review, the Workers' Compensation Board reversed and denied compensation, finding that claimant's separation from employment was not causally-related. Claimant appeals.
We affirm. "Generally, a claimant who voluntarily withdraws from the labor market . . . is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the [withdrawal]" (Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1257 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Vankoevering v New York State Canal Corp., 211 AD3d 1301, 1302 [3d Dept 2022]). "Whether claimant has voluntarily withdrawn from the labor market is a factual issue, and the Board's determination of that issue will not be disturbed if supported by substantial evidence" (Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1575 [3d Dept 2019] [internal quotation marks and citations omitted]; accord Matter of Castro v Baybrent Constr. Corp., 187 AD3d 1296, 1297 [3d Dept 2020]). In the event that a "claimant's loss of [*2]employment is due to a layoff — a factor other than his [or her] work-related injury — he [or she] bears the burden of establishing by substantial evidence that his [or her] disability contributed to his [or her] continued unemployment" (Matter of Gross v BJ's Wholesale Club, 29 AD3d 1051, 1052 [3d Dept 2006]; see Matter of Coll v Cross Country Constr., 202 AD3d 1236, 1237 [3d Dept 2022]). It is well settled that, as "the sole arbiter of witness credibility" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1007 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of White v SEG Maintenance, Inc., 205 AD3d 1257, 1259 [3d Dept 2022]), "the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Czachurski v PAL Envtl., 189 AD3d 1866, 1867 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]; accord Matter of Salas v Tom Cat Bakery, Inc., 193 AD3d 1225, 1227 [3d Dept 2021]). "[W]here the record evidence is inconsistent, the Board is warranted in rejecting testimony that fails to find support in documentary or other impartial evidence" (Matter of Baumgarten v New York State Banking Dept., 279 AD2d 741, 741-742 [3d Dept 2001]; see Matter of Butler v Trustforte Corp., 204 AD3d 1263, 1264 n [3d Dept 2022]).
Here, the Board found claimant's testimony to be largely inconsistent and unsupported. Claimant testified at the December 2020 hearing that she was terminated by the employer because she "was not able to do [her] job." Although she also stated that she regularly took at least one day a week off from work due to her back injury, she acknowledged that the employer "[n]ever" raised any concerns regarding her attendance. Notably, claimant submitted no documentary evidence related to her termination. As to her sporadic employment thereafter, claimant inconsistently testified that she had worked as a freelance court reporter until either January 2007 or March 2011. In contrast, a physician who examined claimant noted in his related medical report that claimant had last worked in the Spring of 2010. As to her subsequent continued unemployment, claimant testified that she stopped working as a freelance court reporter because of severe back pain and the inability to carry or move the equipment required for her work. She similarly stated that she had not pursued any additional training or education since 2006. Claimant further testified that, in deciding to not look for work, she relied upon the fact that "all the doctors" who had examined her had allegedly told her that she was "[100%] disabled." In this regard, claimant submitted medical evidence indicating that she had a temporary total disability during various periods of time since 2006. Significantly, however, some of these medical records reflect only a partial disability or are incomplete and, further, there are lengthy gaps in the record — some [*3]spanning years — where no medical evidence of any disability was provided. In view of the various inconsistencies in claimant's testimony, as well as the significant gaps in medical evidence for the relevant time period and lack of other relevant supporting documentation regarding her separation from employment, we find that substantial evidence supports the Board's conclusion that claimant's initial separation from employment and her continued unemployment thereafter were voluntary and not due to her disability (see Matter of Butler v Trustforte Corp., 204 AD3d at 1264 n; Matter of Coll v Cross Country Constr., 202 AD3d at 1237; Matter of Castro v Baybrent Constr. Corp., 187 AD3d at 1297; Matter of Gross v BJ's Wholesale Club, 29 AD3d at 1052).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.